# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:15-CR-109 |
| | ) | |
| EDWARD TYRONE PETERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a MOTION IN LIMINE (ECF No. 46) filed by the government. Defendant Edward Tyrone Peters did not file a response. The motion is ripe for disposition.

### I. Background[1]

On May 11, 2015, an individual who will be testifying as a witness (the "Witness") in the upcoming trial reported to the police that Defendant pointed a gun at him/her. The Witness apparently provided a detailed description of the vehicle that Defendant was driving. Local police ultimately stopped the vehicle, in which they found the firearm listed in the Indictment. At that time, Defendant was driving the vehicle and another individual was in the car as a passenger.

On May 21, 2015, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment charging Defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). A jury trial is scheduled to commence on Monday, August 15, 2016. The government expects that the primary issue at trial will be whether Defendant possessed the firearm found in the vehicle.

---

1. This background narrative is drawn from the facts set forth in the government's motion and its earlier omnibus response.

At trial, the government intends to solicit testimony from the Witness to the effect that s/he knows Defendant and his cousin, Anthony Lee. According to the government, the Witness will testify that s/he owed Lee a substantial debt from prior drug dealings and that Lee placed a bounty on his/her head because of that debt. The government will thus ask the jury to infer that Defendant was motivated to possess the firearm to collect the bounty or in retaliation for the Witness accruing, but not paying, the drug debt to Lee.

In the government's view, this evidence is relevant to establish Defendant's motive for possessing the firearm, and it is therefore generally admissible under Federal Rule of Evidence 402. In the alternative, the government contends that this evidence is also admissible as evidence of motive under Federal Rule of Evidence 404(b).

The Court will proceed to analyze the proffered evidence under Rule 404(b). For the reasons that follow, it will be admissible at trial.

## II. Legal Standard

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may be admissible for another relevant purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)). Thus, the "permitted uses" should be treated as "exceptions" to the general rule, and "[a]s is generally the case with exceptions," the burden of establishing that the evidence is admissible

falls on the proponent of the evidence—in this case, the government. *Id.* And because of the highly prejudicial nature of other-acts evidence, the rule "requires care from prosecutors and judges alike." *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013).

The Court must thus follow a four-part framework in deciding whether evidence should be admitted under Rule 404(b): prior act evidence is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested. *Id.* at 441 (citations omitted).

The first step requires the Court to determine "whether the evidence is probative of a material issue other than character." *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2003) (citations omitted). To determine whether an "identified purpose is 'at issue,' courts should consider the 'material issues and facts the government must prove to obtain a conviction.'" *Caldwell*, 760 F.3d at 276 (quoting *United States v. Sampson,* 980 F.2d 883, 888 (3d Cir. 1992)). While "the burden on the government is not onerous," *Sampson*, 980 F.2d at 887, our court of appeals has "stress[ed] that 'a proponent's incantation of the proper uses of [prior act] evidence . . . does not magically transform inadmissible evidence into admissible evidence," *Caldwell*, 760 F.3d at 276 (quoting *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999)). Rather, the specific purpose must be "'of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401(b)).

At the second step of the analysis, the government must "explain how the evidence is relevant" to, or how it tends to establish, the identified non-propensity purpose. *Id.* "This step is crucial." *Id.* The government "must clearly articulate how that evidence fits into a chain of

logical inferences, *no link of which* can be the inference that because the defendant committed . . . [such an act] before, he therefore is more likely to have committed this one.'" *United States v. Lee,* 612 F.3d 170, 186 (3d Cir. 2006) (quoting *Sampson*, 980 F.2d at 887) (emphasis added). If the government fails "to articulate this chain of inferences," the Court must exclude the proffered evidence. *Caldwell,* 760 F.3d at 277 (citing *Sampson,* 980 F.2d at 888).

The Court's task is not over even "once it finds the proponent has shown that the evidence is relevant for a proper, non-propensity purpose." *Id.* The Court must then proceed to decide, under Rule 403, "whether the evidence is sufficiently probative, such that its probative value is not outweighed by the inherently prejudicial nature of prior bad act evidence." *Id.* (citing *Sampson,* 980 F.2d at 889). The Rule 403 balancing takes on special significance when dealing with Rule 404(b) evidence because "'few categories of evidence bring greater risk of prejudice to the accused . . . .'" *Id.* (quoting Mueller, *Federal Evidence* § 4:28, at 731). If the Court determines that the evidence survives the Rule 403 balancing test, then it must still provide a limiting instruction to the jury at the time the evidence is admitted if so requested by the defendant. *Id.*

### III. Discussion

The government has made its required showing. First, the government does not intend to seek admission of this evidence to establish Defendant's propensity to commit crimes. Rather, the government posits that Defendant had a motive to possess the firearm. And "[m]otive is one of the permissible purposes listed in Rule 404(b) . . . because it is highly relevant to show that a defendant had a motivation to commit the crime for which he is being charged," particularly where, as here, the defendant will presumably deny that he possessed the firearm. *Lee*, 612 F.3d

170, 187 n.19.  As such, the Court finds that the Government has established a proper purpose for which the statements may be admitted.

Second, the government sets forth a reasonable inference to support the introduction of the evidence: Defendant was motivated to possess the firearm to collect the bounty on the Witness's head or in retaliation for the Witness accruing but not paying the drug debt to Lee. This evidence does not suggest "a mere propensity to engage in weapons offenses." *Id.* at 189. It is instead relevant "to show his motive for possessing the firearm on the day in question." *Id.*

Third, the evidence survives a Rule 403 balancing test, *i.e.* the probative value is not substantially outweighed by the danger that the jury will consider the evidence to infer bad character on the Defendant's part.  "Indeed, the statements reveal [Defendant's] motive to possess weapons on the day in question, which is highly probative in a case like this" in which the defendant will presumably deny possession all together.  *Id.* at 190.  On the other hand, the risk that a jury will infer from his other activities that the Defendant has a propensity to commit criminal (firearms) offenses is real.  That risk can, however, be contained by a jury instruction limiting the consideration of the evidence to its proper purpose.  In view of that, the Court finds that the probative value of the statements is not substantially outweighed by the danger of unfair prejudice or any of the other factors set forth in Rule 403.

In sum, the Court finds that this evidence – that Defendant sought or attempted to collect the bounty on the Witness's head or in retaliation for the Witness accruing but not paying the drug debt to his cousin – will be admissible for the purpose of demonstrating that Defendant had a motive to carry a gun on the day in question.  The jury will be instructed that it may not consider the evidence for any purpose other than to establish motive. Accordingly, the government's motion in limine is **GRANTED**.

## IV. Conclusion

Jury selection and trial in the above-captioned matter will commence on Monday, August 15, 2016 at 9:30 AM, to proceed in accordance with the foregoing evidentiary ruling.

**SO ORDERED**, this 28th day of July, 2016.

                                            BY THE COURT:

                                            s/Terrence F. McVerry
                                            Senior United States District Court Judge